United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-50761
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                        versus

CHARLES DENNIS RUCKER,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-39-1
_____

Before JOLLY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[1]

    Charles Dennis Rucker pleaded guilty to the unlawful possession of anhydrous ammonia in violation of 21 U.S.C. § 843(a)(6).[2] Because of Blakely v. Washington, 542 U.S. 296 (2004), but over Rucker's objection, the district court sentenced Rucker to three alternate sentences: (1) 88 months of imprisonment, 3 years of supervised release, a fine of $1,000, and a $100 special

_____

    [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [2]21 U.S.C. § 843(a)(6) provides that it is "unlawful for any person knowingly or intentionally . . . to possess any . . . chemical, product, or material which may be used to manufacture a controlled substance or listed chemical, knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance." 21 U.S.C. § 843(a)(6) (2005).

assessment if the Guidelines remain intact; (2) 10 months of imprisonment (supervised release, fine and special assessment remain the same) if the Guidelines were found unconstitutional as to upward departures and relevant conduct under Blakely v. Washington; and (3) 7 years of imprisonment (supervised release, fine and special assessment remain the same) should the Guidelines be found unconstitutional. Rucker contends on appeal that the district court erred in two ways: first, by applying the enhancement of U.S.S.G. § 2D1.1(b)(1), allowing a two-point increase in the base offense level for possession of a firearm, and second, in its consideration of the Guidelines as constitutional. For the reasons stated below we VACATE Rucker's sentence and REMAND for resentencing not inconsistent with this opinion.

I

Under U.S.S.G. § 2D1.1(b)(1), a defendant's offense level is increased by two levels, "[i]f a dangerous weapon (including a firearm) was possessed." The commentary to § 2D1.1(b)(1) states, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1(b)(1), comment, n.3. "The district court's decision to apply § 2D1.1(b)(1) is essentially a factual determination reviewable under the clearly erroneous

2

standard."[3]  United States v. Rodriguez, 62 F.3d 723, 724 (5th Cir. 1995).  If a factual finding is plausible in the light of the record as a whole, there is no clear error.  United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

Rucker argues that the § 2D1.1(b)(1) enhancement was error as the weapons[4] were in a bedroom separate from the detached garage where the illegal activity took place.  He argues that no evidence of manufacturing of any drugs was found in the house, and that the weapons found in the bedroom were "essentially hunting rifles."

The evidence upon which the district court relied in applying the enhancement was as follows:  First, Lieutenant Medford testified at sentencing that no drugs were found inside the house.  However, he also testified that the government knew drugs had previously been in the house based on the testimony of Rucker's girlfriend that she had flushed some down the toilet.  Further, Medford testified that Rucker's girlfriend stated that Rucker normally manufactured methamphetamine in both the detached and attached garages.  Finally, Medford testified that certain drug paraphernalia, specifically syringes, were found in the kitchen.[5]

---

[3] The clear-error standard survives United States v. Booker, 543 U.S.  220 (2005).  United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005) (internal citations omitted).

[4] During a search of Rucker's home officers recovered a New Haven .22 caliber rifle, a Savage .30-30 bolt action rifle, and a Stevens .410 gauge shotgun located in the back bedroom.

[5] Rucker's girlfriend testified that the syringes belonged to her diabetic daughter and that she had never spoken to Lieutenant

Additionally, the presentence report noted that, according to a "concerned citizen," Rucker normally kept a handgun close to him and had made statements about "shooting people."

Based on the above evidence the district court did not clearly err in concluding that it is not "clearly improbable" that the firearms were connected to Rucker's offense. Consequently, the district court did not clearly err in applying the § 2D1.1 enhancement.

II

The sentencing in this case took place before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Based on the Supreme Court's analysis under the Sixth Amendment, Booker severed the portions of the Sentencing Reform Act that mandated sentencing and appellate review in conformance with the Guidelines. Id. at 756-57, 764-65. Consequently the Guidelines were rendered "effectively advisory."

In United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) cert. denied, 126 S.Ct. 43 (2005), this Court addressed the application of Booker, holding that in cases where Booker error was preserved, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." Id. at 520 n.9. A review of the record establishes that Rucker timely raised a Blakely

Medford.

4

objection to his sentence which effectively preserved <u>Booker</u> error for appellate review. <u>United States v. Akpan</u>, 407 F.3d 360, 376 (5th Cir. 2005). The question thus becomes whether the district court's error in considering the Guidelines mandatory was harmless.

The district court imposed three alternative sentences. Although we may speculate which sentence the district court would impose, this court has recognized that mere speculation fails to satisfy a harmless error standard of review. <u>See</u>, <u>e.g.</u>, <u>United States v. Pineiro</u>, 410 F.3d 282, 287 (5th Cir. 2005) (applying the harmless error standard in a claim of <u>Booker</u> error and holding that the government must bear the burden "of showing beyond a reasonable doubt that the district court would have imposed the same sentence under an advisory scheme."). As the government correctly concedes that it cannot demonstrate harmless error, resentencing in light of <u>Booker</u> is appropriate.

## III

For the above stated reasons Rucker's sentence is VACATED, and the case is REMANDED for resentencing.

VACATED and REMANDED.